WR-83,914-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/21/2015 5:26:54 PM
Accepted 9/22/2015 8:38:38 AM
ABEL ACOSTA
CLERK

CAUSE NUMBER 1971655

EX PARTE )        IN THE COURT OF CRIMINAL APPEALS OF
SONDRA HUMPHREY )        THE STATE OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
9/22/2015
ABEL ACOSTA, CLERK

## MOTION FOR LEAVE TO FILE

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS:

Comes now Sondra Humphrey, applicant in the above-entitled and numbered cause, and respectfully moves this Court pursuant to Texas Rule of Appellate Procedure 72.1 to grant leave to file the accompanying original petition for writ of habeas corpus.

Respectfully submitted,

Lott J. Brooks, III
Law Offices In The
Downtown Sport Complex
1314 Texas, Suite 1710
Houston, Texas 77002
(713) 223-0303
SBN: 030707050
Attorney for Applicant

CAUSE NUMBER 1971655A

| | | |
|---|---|---|
| EX PARTE | ] | IN THE COUNTY CRIMINAL |
| SONDRA HUMPHREY COURT | ] | AT LAW NUMBER 10 |
| CONTEMPT | ] | HARRIS COUNTY, TEXAS |

1ST AMENDED PETITION FOR WRIT OF HABEAS

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Comes now Sondra Humphrey, Applicant, and files this petition for writ of habeas corpus. In support of this motion, Applicant shows the Court the following:

I.

Applicant is currently restrained by virtue of physical liberty due to the actions of the Harris County District Attorney's Office, Respondent. Respondent is held illegally by Harris County Sheriff's Department.

II.

Applicant is being restrained by virtue of a contempt order issued by the respondent on, September 8th, 2015, a copy of which is attached to this petition as exhibit A.

III.

The restraint is unlawful because this contempt order was based on the Applicant's failure to turn over her notes and audio recordings in the aforementioned cases by June 23, 2014.

On June 23rd, 2014, Humphrey received information that suggested that Humphrey need not to appear but continue working on documents to prepare for the Court on the 7th floor of the Harris County Criminal Court building.

Humphrey's worked with an administrative representative of the courts. The Court and the District Attorney's knew of her efforts to comply and

that she was on the 7th Floor of the Criminal Court building with the administrative representative trying to retrieve records.

On June 24, 2014, Humphrey provided this Court with unedited versions of the written records in print form in the aforementioned cases. Audio recordings for cases that were already submitted to the District Attorneys previously were not resubmitted.

On June 27, 2014, Humphrey again failed to provide audio recordings for the aforementioned cases that she was able to retrieve from her computer.

Humphrey was not able to provide audio recordings that Humphrey was not able to retrieve from her computer at that time.

The audio recordings that were provided and were incomplete were copied exactly the way they were from her computer.

On June 30, 2014, Humphrey provided CDs containing the audio recordings to this Court at a hearing.

The audio recordings for some of the cases were not provided or incomplete, as before, due to not being able to retrieve from computer.

With improved working equipment Humphrey is diligently preparing required records and filing with the Court of Appeals.

Please see Exhibit No. B.

IV.

The petitioner is entitled to habeas corpus relief based on the facts alleged in this application because petitioner can show she was not effectively noticed on multiple days of court hearings for which she is being held in contempt.

Many of those dates were informally reset by the court and Humphrey did not receive official notice.

WHEREFORE, petitioner prays that this Court grant this application for writ of habeas corpus and order petitioner discharged from the illegal restraint

she is currently suffering.

Respectfully submitted,

AFFIDAVIT

Before me, the undersigned authority, on this day personally appeared Sondra Humphrey, who after being duly sworn stated:

I am the petitioner in the above entitled and numbered cause. I have read the attached petition for writ of habeas corpus and swear that all of the allegations of fact contained in it are true according to my belief.

_____
Sondra Humphrey

SUBSCRIBED AND SWORN TO BEFORE ME on the _____18th_____ day of September, to certify which witness my hand and official seal.

_____

MARITZA F GUZMAN
My Commission Expires
April 23, 2017
NOTARY PUBLIC
STATE OF TEXAS

Maritza Guzman
Notary Public in and for the State of Texas
My Commission expires
April 23, 2017

2

# CERTIFICATE OF SERVICE

This is to certify that a copy of the above-entitled and numbered motion has been served on Brian Rose in person on the 18th day of September, 2015 or by delivery of a true copy to him/her by mail, by depositing it, postpaid, in an official depository under the care and custody of the United States Postal Service on the 18th day of September, 2015, enclosed in a wrapper properly addressed as follows:

Mr. Brian Rose
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002-1923

CAUSE NUMBER 1971655

| EX PARTE | § | IN THE COUNTY CRIMINAL |
|---|---|---|
| SONDRA HUMPHREY | § | COURT AT LAW NUMBER 10 |
| CONTEMPT | § | HARRIS COUNTY, TEXAS |

## JUDGMENT OF CONTEMPT

Whereas, On April 10, 2014, the Fourteenth Court of Appeals abated the appeal in Karen Wooding Bryant v. The State of Texas, No. 14-13-00922-CR due to the failure of the court reporter, Sondra Humphrey (hereinafter "Humphrey") to file the reporter's record; and

Whereas, on April 15, 2014, the following appeals were also abated by the First Court of Appeals due to Humphrey's failure to file the reporter's records: Luis Sanchez Acosta v. The State of Texas, No. 01-13-01048-CR; Victor Charles Bankett v. The State of Texas, No. 01-13-00896-CR; Rudy Matamoros, Jr. v. The State of Texas, No. 01-13-00633-CR; and Israel Castillo v. The State of Texas, No. 01-13-00632-CR; and

Whereas, accordingly, at a hearing on June 19, 2014, in County Criminal Court at Law No. Ten (hereinafter "CCCL #10"), this Court ordered Humphrey's retained counsel, Lott Brooks, to instruct Humphrey to provide all of her notes, audio recordings, and exhibits to her attorney for release to the Court no later than 5:00 p.m. on June 23, 2014, in the aforementioned cases. A compliance hearing was also scheduled for 9:00 a.m. on June 24, 2014; and

Whereas, Humphrey failed to turn over her notes, and audio recordings, ~~and exhibits~~ in the aforementioned cases by June 23, 2014. On June 24, 2014, Humphrey and her attorney also failed to appear at 9:00 a.m. in the courtroom of CCCL #10. On the afternoon of June 24, 2014, Humphrey provided this Court with unedited versions of the written records in the aforementioned cases, but failed to submit the audio recordings for each case; and

Whereas, at a hearing on June 27, 2014, Humphrey again failed to provide this Court with the audio recordings for the aforementioned cases. Humphrey subsequently submitted CDs purportedly containing the audio recordings to this Court at a hearing on June 30, 2014. However, the audio recording for Karen Wooding Bryant was not provided, and the audio recordings for the other cases were incomplete; and

Exhibit
A

*Exhibit B*

**No. 01-12-00896-CR**
In the
Court of Appeals
For the
First District of Texas
At Houston

◆

**No. 1793757**
In the County Court at law No. 8 of
Harris County, Texas

◆

CRAIG LYNN BEAL
*Appellant*

v.

**THE STATE OF TEXAS**
*Appellee*

◆

STATE'S OBJECTION TO APPELLANT'S MOTION TO REINSTATE
APPEAL & MOTION FOR TRIAL COURT TO WITHDRAW FINDINGS OF
FACT AND CONCLUSIONS OF LAW

◆

## TO THE HONORABLE COURT OF APPEALS OF TEXAS:

COMES NOW THE STATE OF TEXAS, and objects to appellant's motion to reinstate the appeal and moves for the Judge Sherman Ross, sitting as the Judge for Harris County, County Court at Law No. 8, to withdraw the previously filed "agreed proposed findings of fact and conclusions of law," and to file new proposed findings of fact and conclusions of law. The State makes this objection and this motion based on the following:

1.      On June 30, 2015, Judge Sherman Ross, sitting as the Judge for Harris County, County Court at Law No. 8, signed certain findings of fact

and conclusions of law in response to an abatement order from the First Court of Appeals.

2. In the "agreed proposed findings of fact and conclusions of law" signed by Judge Sherman Ross on June 30, Judge Sherman Ross made the following finding: "[t]he Court hereby finds that this case is one of the nine in which reporter's record was lost of destroyed due to the court reporter's medical condition and personal and professional problems and that the record cannot be reconstructed to the degree necessary for a meaningful review."

3. On September 10, 2015, the court reporter, Sondra Humphrey, filed the reporter's record in the above styled case.

4. On September 10, 2015, the First Court of Appeals rejected the reporter's record filed by Ms. Humphrey because the record "[did] not comply with the Texas Rules of Appellate Procedure…[s]pecifically the exhibit volume does not contain any of the indexed and listed exhibits."

5. The State has reviewed the reporter's reporter filed by Ms. Humphrey and the record appears to be both complete and accurate, with the exception of the exhibit volume.

6. Once the exhibits are filed, or replaced if lost or destroyed, the record will be complete.

7. The State objects to item #4 of appellant's motion to reinstate the appeal, which states that "[a]ppellant suggests this case be submitted and decided on the basis of the trial court's findings as occurred in the similar case of Victor Bankett v. State, 01-13-00896-CR."

8. The State's object to item #4 of appellant's motion to reinstate the appeal based on the fact that the reporter's record exists and was filed by Ms. Humphrey on September 10, 2015.

9. The State moves that Judge Sherman Ross, sitting as Judge of Harris County, County Court at Law No. 8, withdraw the findings of fact and conclusions of law entered June 30, 2015, based on the fact that the reporter's record exists and was filed by Ms. Humphrey on September 10, 2015.

WHEREFORE, the State prays that this Court will grant the State's objection to appellant's motion to reinstate the appeal and motion for the trial court to withdraw its findings of fact and conclusions of law.

Respectfully submitted,
/s/ Abbie Miles
**Abbie Miles**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 24072240

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the appellant's attorney at the following address on September 11, 2015:

Sarah v. Wood
1201 Franklin, 13th Floor
Houston, Texas 77002
Sarah. Wood@pdo.hctx.net

/s/ Abbie Miles
**Abbie Miles**
Assistant District Attorney
Harris County, Texas

Date: September 11, 2015